Nathan Brown (SBN 033482)
BROWN PATENT LAW
15100 N 78th Way, Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
Email: Nathan.Brown@BrownPatentLaw.com

*Attorney for Plaintiff and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **DARREN MACDONALD,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**JOEY BUILDERS, INC.**, a California corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Darren MacDonald. ("Plaintiff MacDonald" or "MacDonald") brings this Class Action Complaint and Demand for Jury Trial against Defendant Joey Builders, Inc. ("Defendant" or "Joey Builders") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited telemarketing calls to consumers whose phone numbers are registered on the National Do Not Call Registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff MacDonald, for this Complaint, alleges as follows upon

personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1. Plaintiff MacDonald is a resident of Scottsdale, Arizona.

2. Defendant Joey Builders is a corporation registered in California, with its headquarters located in Woodland Hills, California. Defendant Joey Builders conducts business throughout this District and throughout California.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since Defendant does business in this District, has a location and is registered to do business in this District,[1] and the wrongful conduct giving rise to this case was directed into this District to the Plaintiff.

---

[1] https://joeybuilders.com/

## INTRODUCTION

5. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in February 2024 alone, at a rate of 143.8 million per day. www.robocallindex.com (last visited September 15, 2024).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

CLASS ACTION COMPLAINT

3

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[2]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[3]

## COMMON ALLEGATIONS

13. Defendant Joey Builders is a home remodeling corporation that provides remodeling services to consumers throughout the West Coast, including California, Texas, Washington, Colorado, Oregon and Arizona.[4]

14. Defendant places telemarketing calls *en masse* to consumers to generate remodeling business.

15. Some of the unsolicited telemarketing calls from Joey Builders are placed to consumers whose phone numbers are registered on the DNC, as per Plaintiff's experience.

16. Consumers have posted complaints online about unsolicited calls they received from the Defendant, including:

---

[2] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[3] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[4] https://joeybuilders.com/

CLASS ACTION COMPLAINT

4

- "Not a real company- an extensive telemarketing scam organization calling people throughout the US claiming to want to give you a free quote to gain access to your house and information. Stay away!"[5]

- "Been calling me 10 times now over the past few months. Kept saying no [longer] needed work done."[6]

- "A person named Elijah representing Joey Builders (phone no. ending in 6479) just called me about a quote I requested months ago. I politely told Elijah that I didn't close on the home and asked to be removed from the list. Elijah replied, 'so, you requested a quote for a home you don't even own? That's crazy.'
I laughed it off and said 'that's cute.' Elijah continues, 'no but really, that doesn't make any sense.' I asked again, not so nicely this time, to be removed from your call list.
Now, I don't know if Elijah has ever gone through the process of owning anything, but Joey Builders might consider taking him off the phones to prevent ruining your reputation and scaring away future home owners from seeking your services."[7]

- "Called me at 8:30 pm. I didn't answer, they immediately called again."[8]

- "I keep getting harassed by this company each week 2-3 times. They keep calling me for an estimate which I told them many times I am not interested."[9]

- "I have been receiving phone calls from this company regarding concrete job. I told them that I am no longer interested. Sure enough, they have been calling me non stop for the last six months. Seriously!"[10]

- "Spam callers. FTC needs to do something"[11]

17. In response to these calls, Plaintiff MacDonald brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

---

[5] https://www.google.com/search?q=joey+builders
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

CLASS ACTION COMPLAINT

5

## PLAINTIFF MACDONALD'S ALLEGATIONS

18. Plaintiff MacDonald is the sole owner and user of his cell phone number ending in 5850.

19. Plaintiff MacDonald registered his cell phone number on the DNC on August 27, 2003.

20. Plaintiff MacDonald uses his cell phone number for personal use only as one would use a landline telephone number in a home.

21. Plaintiff MacDonald has never advertised his cell phone number for business purposes.

22. Plaintiff MacDonald's cell phone number has never been associated with a business.

23. Plaintiff MacDonald pays for his cell phone service and the cell phone is registered under his name.

24. Plaintiff MacDonald uses his cell phone number to communicate with family and friends, and for household purposes only.

25. The phone calls that Plaintiff MacDonald received from Defendant Joey Builders were all received more than 31 days after the Plaintiff registered his cell phone number on the DNC.

26. On August 28, 2024 at 2:15 PM, Plaintiff MacDonald received an unsolicited call to his cell phone from 619-789-5382.

27. When Plaintiff answered this call, an employee said that she was calling from Joey Builders and she wanted to know if Plaintiff needed any home repairs or renovations for his property.

28. Plaintiff MacDonald said that he didn't and he ended the call.

29. When 619-789-5382 is called, an employee identifies the company name Joey Builders.[12]

30. On September 11, 2024 at 2:41 PM, Plaintiff MacDonald received a 2nd unsolicited call to his cell phone, this time from 928-364-6670.

31. When Plaintiff answered this call, an employee said that he was calling from Joey Builders.

32. The employee wanted to know if Plaintiff had any projects he needed help with such as property renovations.

33. Plaintiff MacDonald told the employee that he doesn't and ended the call.

34. When 928-364-6785. is called, an employee identifies the company name Joey Builders.[13]

35. Plaintiff MacDonald has never done business with Joey Builders and has never given them consent to call his phone number.

36. Plaintiff MacDonald was not looking to get any remodeling or construction work done to his home.

---

[12] Based on an investigation conducted by Plaintiff's attorneys
[13] Based on an investigation conducted by Plaintiff's attorneys

CLASS ACTION COMPLAINT

37. The unauthorized solicitation phone calls that Plaintiff MacDonald received from or on behalf of Defendant Joey Builders have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

38. Seeking redress for these injuries, Plaintiff MacDonald, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

39. Plaintiff MacDonald brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Joey Builders or an agent calling on its behalf called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

40. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff MacDonald anticipates the need to amend the Class definition following appropriate discovery.

41.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

42.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant or an agent working on behalf of the Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c)     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43.     **Adequate Representation**: Plaintiff MacDonald will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff MacDonald has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff MacDonald and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff MacDonald nor his counsel have any interest adverse to the Class.

44. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff MacDonald. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff MacDonald and the Do Not Call Registry Class)**

45. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

46. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by

CLASS ACTION COMPLAINT
10

the federal government."

47. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

48. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff MacDonald and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

49. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff MacDonald and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

50. As a result of Defendant's conduct as alleged herein, Plaintiff MacDonald and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

51. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff MacDonald requests a jury trial.

Respectfully Submitted,

**DARREN MACDONALD**, individually and on behalf of all others similarly situated,

DATED this 19th day of September, 2024.

By: /s/ Nathan Brown
Nathan Brown (SBN 033482)
BROWN PATENT LAW
15100 N 78th Way, Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
Email: Nathan.Brown@BrownPatentLaw.com

CLASS ACTION COMPLAINT

Rachel E. Kaufman*
KAUFMAN P.A.
rachel@kaufmanpa.com
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

* *Pro Hac Vice Motion Forthcoming*